United States District Court
Southern District of Texas
**ENTERED**
August 02, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FRANK D MCCOLLUM III, | § | |
| TDCJ #02021347, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0186 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

In this habeas action, Petitioner Frank D. McCollum, III, an inmate at the Terrell Unit of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), proceeds *pro se* and *in forma pauperis*. Petitioner filed a petition (Dkt. 1) as an original proceeding in the United States Court of Appeals for the Fifth Circuit. On April 27, 2018, the appellate court transferred his habeas petition to this Court (Dkt. 4). Since the transfer, Petitioner has filed an emergency motion for pretrial conference (Dkt. 5). After considering the petition and other matters of record as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court dismisses this action without prejudice for failure to exhaust state court remedies.

### I.   BACKGROUND

McCollum is serving a fifteen-year sentence in TDCJ for a 2015 conviction in Criminal District Court No. 3 of Dallas County, case number F-1133471-J. TDCJ's public records reflect that his sentence is the result of a conviction for aggravated sexual assault of a child. *See* TDCJ Offender Information for Frank D. McCollum, III,

https://offender.tdcj.texas.gov/OffenderSearch/index.jsp (last visited July 18, 2018).

On direct appeal, the court modified the district court's judgment as agreed by the parties and affirmed the conviction. *McCollum v. State*, 2016 WL 8115929 (Tex. App.–Dallas 2016, no pet.). On December 2, 2016, the Texas Court of Criminal Appeals ("TCCA") granted Petitioner an extension of time to file his petition for discretionary review. However, McCollum did not file a petition.[1]

On February 2, 2017, Petitioner filed an original application for writ of mandamus with the TCCA, WR-86,370-01.[2] Petitioner then filed a motion for temporary relief, which was denied on February 9, 2017. *Id*. The writ was stored on March 1, 2017, and no further filings were made. *Id*. TCCA records do not reflect that Petitioner filed an application for state habeas relief.

On October 18, 2017, Petitioner filed this federal habeas action as an original proceeding in the Fifth Circuit, seeking mandamus and habeas relief, among other things (Dkt. 1). The Fifth Circuit denied mandamus relief, declined to entertain an original habeas petition, and transferred McCollum's habeas petition to this Court (Dkt. 4, at 2-3). The Court stated, "The gravamen of [McCollum's] argument appears to be that his physical and mental issues affected his competency to stand trial and his ability to assist in his defense" (Dkt. 4, at 1).

---

[1] *See* Case Information for PD-1375-16, Texas Court of Criminal Appeals, http://search.txcourts.gov/Case.aspx?cn=PD-1375-16&coa=coscca (last visited July 18, 2018).

[2] *See* Case Information for WR-86,370-01, Texas Court of Criminal Appeals, http://search.txcourts.gov/Case.aspx?cn=WR-86,370-01&coa=coscca (last visited July 18, 2018).

After McCollum's habeas petition was transferred to this docket, he filed an emergency motion for a pretrial conference providing further information about his claims. Petitioner alleges that, during his 2015 trial, Dallas County officials withheld emergency medical treatment (Dkt. 5, at 1-2). Among other requests, he seeks to develop the record regarding his claims that exculpatory evidence was withheld during prior proceedings and that his guilty plea should have been excluded (*id*. at 7).

## II. **EXHAUSTION OF REMEDIES**

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2241 *et seq*. The AEDPA requires a federal habeas petitioner to first present his habeas claims to the state courts. 28 U.S.C. § 2254(b)(1)(A) (federal habeas writ shall not be granted to a person in state custody "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citation, quotation marks, and alteration omitted). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 n.3 (5th Cir. 2001).

In order to exhaust state remedies, a petitioner "must have fairly presented the substance of his claim to the state courts." *Young v. Davis*, 835 F.3d 520, 525 (5th Cir.

2016) (internal citation and quotation marks omitted).  A federal habeas petitioner shall not be deemed to have exhausted available state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c); *see Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995) (a petitioner must exhaust "all available state remedies" before obtaining federal habeas corpus relief).  In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the TCCA; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the TCCA once the trial court determines whether findings are necessary.  *See Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings").

Publicly available records regarding McCollum demonstrate that TCCA has not yet had an opportunity to address the issues raised in his pending federal petition, which challenges his 2015 conviction.  McCollum did not file a petition for discretionary review before the TCCA on direct appeal, and did not file a state application for habeas relief.  Because he has not presented his claims to the TCCA on either direct appeal or state habeas review, his state remedies are unexhausted.  *See Jackson v. Dretke*, 450 F.3d 614, 616 n.2 (5th Cir. 2006); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

McCollum does not satisfy any statutory exception to the exhaustion doctrine because state habeas proceedings remain available.  *See* 28 U.S.C. § 2254(b), (c).

Comity requires this Court to defer until the TCCA has addressed the petitioner's claims. The pending federal habeas petition must be dismissed as premature for lack of exhaustion. After McCollum has exhausted state remedies, he may file a motion to re-open these federal proceedings, if appropriate.[3]

### III. CONCLUSION

For the reasons stated above the Court **ORDERS** as follows:

1. This habeas corpus action is **DISMISSED without prejudice** for failure to exhaust available state remedies.

2. Petitioner's emergency motion for pretrial conference (Dkt. 5) is **DENIED as moot**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 2nd day of August, 2018.

George C. Hanks Jr.
United States District Judge

---

[3] Because McCollum currently is incarcerated within this judicial district, the petition was properly filed here for purposes of § 2441(d). However, because the challenged conviction from Dallas County has no ties to this district, transfer to the Northern District of Texas, Dallas Division, would be appropriate under Southern District of Texas policy and Fifth Circuit authority. *See* General Order of May 30, 1985 (dictating that challenges to the conviction go to the division within the district where the conviction was entered); *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (concluding that the division of conviction, where witnesses were located, was a more appropriate venue than the division of confinement in challenge to conviction).